UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANGELA BURKE, | ) |
| | ) |
|     Plaintiff, | ) Case No.: 3:23-cv-03142-CRL-KLM |
| | ) |
| v. | ) Judge: Colleen R. Lawless |
| | ) |
| JACKSONVILLE PACKAGING INDUSTRIES INC., and EXPRESS SERVICES, INC. | ) ) ) ) Jury Trial Demanded |
| | ) |
|     Defendants. | ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Angela Burke ("Plaintiff"), by and through the undersigned counsel, hereby files this Amended Complaint as a matter of course against Jacksonville Industries Packaging LLC and Express Services, Inc. (collectively, the "Defendants"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendants disability discrimination by terminating Plaintiff's employment on the basis of her disability.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, Springfield Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendants operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Angela Burke, resides in Greene County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Jacksonville Industries Packaging LLC is a limited liability company doing business in and for Morgan County whose address is 27 Harold Cox Drive, Suite 27, Jacksonville, IL 62650-6771.

9. At all times material to the allegations in this Complaint, Defendant, and Express Services, Inc. is a corporation doing business in and for Morgan County and headquartered at 9701 Boardwalk Blvd, Oklahoma City, OK, 73132.

10. At all relevant times, Defendants, Jacksonville Packaging and Express Services have continuously been under contract for services rendered in Illinois, and have continuously been a joint employer, which both Defendants generally controlled the terms and conditions of the employment of Plaintiff.

11. Plaintiff was employed by Defendants as an "employee" within the meaning of

ADA, 42 U.S.C. § 12111(4).

12. During the applicable limitations period, Defendants had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

13. Plaintiff was hired to work at Jacksonville Packaging Industries LLC., as a line worker on or about January 3, 2022, through the staffing agency Express Personnel.

14. Plaintiff disclosed that she was a diabetic upon her interview with Express Services & Jacksonville Packaging.

15. Despite, Plaintiff having to monitor her glucose levels regularly she was able to perform the essential functions of the job without accommodation.

16. Plaintiff was able to perform her job on the production line with no issues.

17. However, due to her disability/diabetic condition it is inevitable that Plaintiff's glucose level would occasionally be high or low.

18. Despite this common challenge for diabetics, Plaintiff like millions of others diabetics are able to exemplary employees, which Plaintiff was.

19. On or about February 10, 2022, Plaintiff was working and became dizzy, and eventually passed out due to low glucose levels.

20. Plaintiff was unable to work for approximately 25 minutes until she was able to stabilize her glucose levels.

21. Plaintiff was able to get back to work and finish her shift with no more issues.

22. This incident is no different from an individual getting to hot and passing out.

23. Nonetheless, at the end of the day after Plaintiff worked the remainder of her shift, Plaintiff was terminated for slowing down production because she passed out due to low glucose levels and was specifically told by my Supervisor Debra, "You are a liability, you cannot work here anymore."

24. Ultimately, Plaintiff was unlawfully terminated effective February 10, 2022 on the basis of her disability.

25. The purported justification for termination was unlawful discrimination based on disability or because Defendants perceived Plaintiff as disabled.

## COUNT I
**Disability Discrimination -Violations of the Americans with Disabilities Act ("ADA")**

26. Plaintiff repeats and re-alleges paragraphs 1- 25 as if fully stated herein.

27. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

28. Defendants terminated Plaintiff's employment on the basis of her disability.

29. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

30. Plaintiff is a member of a protected class under the ADA, due to her disability.

31. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendants, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

32. Defendants acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and

continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendants as follows:

    a.    Back pay with interest;

    b.    Payment of interest on all back pay recoverable;

    c.    Front pay;

    d.    Loss of benefits;

    e.    Compensatory and punitive damages;

    f.    Reasonable attorneys' fees and costs;

    g.    Award pre-judgment interest if applicable; and

    h.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 17th day of April, 2023.

> /s/ *Nathan C. Volheim*
> **NATHAN C. VOLHEIM, ESQ.**
> Bar No.: 6302103
> **CHAD W. EISENBACK, ESQ.**
> Bar No.: 6340657
> **SULAIMAN LAW GROUP LTD.**
> 2500 S. Highland Avenue, Suite 200
> Lombard, Illinois 60148
> Phone (630) 568-3056
> Fax (630) 575 - 8188
> nvolheim@sulaimanlaw.com
> ceisenback@sulaimanlaw.com
> *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of April, 2023, a true and correct copy of the foregoing was served by process server to the following:

| | |
|---|---|
| Jacksonville Packaging, Inc.<br>27 Harold Cox Drive, Suite 27<br>Jacksonville, IL 62650-6771 | Express Services, Inc./<br>c/o Sarah Keates<br>CT Corporation System<br>1833 South Morgan Road<br>Oklahoma City, OK 73128<br>Sarah.Keates@ExpressPros.com |

> /s/ *Nathan C. Volheim*
> **NATHAN C. VOLHEIM, ESQ.**